Jerry J. Scarano, Jr., Esq. Town Attorney, Wilton
You inquire whether a town building inspector may hold at the same time the office of town supervisor from the same town.
This is a question of whether the town building inspector, an appointive officer already holding that office, may assume the elective office of supervisor. It is immaterial whether the office of supervisor is acquired temporarily by appointment to fill a vacancy or by election.
The usual situation arises when a member of an appointing board wishes to receive an appointment. In that situation, the member may not be appointed because this would be self-appointment and contrary to the rule of law laid down in Wood v Town of Whitehall, 120 Misc. 124 (Sup Ct, Washington Co [1923], unanimously affd on the op below 206 App. Div. 786), and in Macrum v Hawkins, 261 N.Y. 193 (1933). An example of this is in the annexed copy of our informal opinion to Norman W. Seiter, Jr. dated April 7, 1981. In your situation the factual situation is reversed and that legal concept is not applicable but the question of compatibility of office remains.
In People ex rel. Ryan v Green, 58 N.Y. 295 (1874), Judge Folger stated:
 "* * * Incompatibility between two offices, is an inconsistency in the functions of the two; as judge and clerk of the same court-officer who presents his personal account subject to audit, and officer whose duty it is to audit it. * * * Where one office is not subordinate to the other, nor the relations of the one to the other such as are inconsistent and repugnant, there is not that incompatibility from which the law declares that the acceptance of the one is the vacation of the other. The force of the word, in its application to this matter is, that from the nature and relations to each other, of the two places, they ought not to be held by the same person, from the contrariety and antagonism which would result in the attempt by one person to faithfully and impartially discharge the duties of the one, toward the incumbent of the other. Thus, a man may not be landlord and tenant of the same premises. He may be landlord of one farm and tenant of another, though he may not at the same hour be able to do the duty of each relation. The offices must subordinate, one the other, and they must, per se, have the right to interfere, one with the other, before they are incompatible at common law. * * *" (emphasis supplied).
In an informal opinion of this office published in 1979 Atty Gen 258 (copy enclosed), we said that the clerk of the board of assessors is an employee subject to the direction and control of the board of assessors, which board supervises the clerk's work, may recommend the clerk's pay scale and recommend disciplinary proceedings against the clerk; this makes it obvious that one of those positions is subordinate to the other and the doctrine enunciated in People ex rel. Ryan v Green (supra)
applies. Thus, the same person could not be the clerk of that board of assessors and at the same time one of the assessors.
A like conclusion is applicable in this case. A town building inspector is subject to the direction and control of the town board. The town board supervises the building inspector's work, sets the building inspector's pay scale and may bring disciplinary proceedings against the building inspector.
In our opinion, a town building inspector may not at the same time hold the other office of town supervisor or town councilman of the town in which he is the building inspector. Acceptance of the office of supervisor or councilman would automatically vacate the office of building inspector.